Villa-Loja v. Bondi

BIA
Drucker, IJ
A220 234 217/218

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of March, two thousand twenty-six.

PRESENT:
>MICHAEL H. PARK,
>STEVEN J. MENASHI,
>SARAH A. L. MERRIAM,
>>*Circuit Judges.*

_____

DORIS MICHELLE VILLA-LOJA, J. A. E.-V.,

>*Petitioners*,

>v.

>>24-4
>>NAC

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,

>*Respondent.*[*]

_____

[*] The Clerk of Court is respectfully directed to amend the caption to reflect the abbreviation of the minor Petitioner's name.

**FOR PETITIONERS:**          Reuben S. Kerben, Kerben Law Firm, P.C., Kew Gardens, NY.

**FOR RESPONDENT:**          Brian Boynton, Principal Deputy Assistant Attorney General, Civil Division; Sabatino F. Leo, Assistant Director, Office of Immigration Litigation; Jaclyn G. Hagner, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Doris Michelle Villa-Loja and her minor child, natives and citizens of Ecuador, seek review of a December 12, 2023, decision of the BIA affirming a June 28, 2023, decision of an Immigration Judge ("IJ") denying Villa-Loja's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1] *In re Villa-Loja*, Nos. A 220 234 217/218

---

[1] We principally refer to Villa-Loja because her child did not file an independent application. We do not discuss the CAT claim further because Villa-Loja does not challenge the BIA's finding that she had waived it. *See Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief." (quotation marks omitted)); *Prabhudial v. Holder*, 780 F.3d 553, 555–56 (2d Cir. 2015) (when the BIA deems an issue waived and declines to consider it, our review is limited to the waiver finding).

(B.I.A. Dec. 12, 2023), *aff'g* Nos. A 220 234 217/218 (Immig. Ct. N.Y. City June 28, 2023). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision "as modified by" the BIA, that is, as limited to the severity of harm finding that the BIA affirmed.[2] *Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005). We review "legal conclusions *de novo*, and . . . factual findings . . . under the substantial evidence standard." *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013) (quotation marks omitted). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

---

[2] The parties read the BIA decision to also affirm nexus findings made by the IJ. We disagree. Because the BIA did not say that it was affirming nexus findings or the IJ's decision as a whole, we interpret the decision as relying on the IJ's finding that the harm Villa-Loja experienced—and of which she feared a continuation— did not rise to the level of persecution, and as addressing her testimony about her reasons for leaving Ecuador only to point out that counsel had misstated the record. This interpretation does not affect the outcome, as the severity ruling is dispositive. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). We note, however, that Villa-Loja's argument here—that she did not concede that she came to the United States for the "sole" purpose of obtaining medical treatment for her child—misstates the record and overlooks testimony that the BIA cited in response to the same argument. Certified Admin. Record at 4 (BIA Dec.), 118–19 (Tr.).

An applicant for asylum or withholding of removal has the burden to establish past persecution or a well-founded fear (for asylum) or likelihood (for withholding of removal) of future persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. *See* 8 U.S.C. §§ 1101(a)(42), 1158(b)(1)(B)(i), 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b). "[P]ersecution is an extreme concept that does not include every sort of treatment our society regards as offensive." *Mei Fun Wong v. Holder*, 633 F.3d 64, 72 (2d Cir. 2011) (quotation marks omitted). A claim of past persecution may "encompass[] a variety of forms of adverse treatment, including non-life-threatening violence and physical abuse," but the harm must be more severe than "mere harassment." *Ivanishvili v. U.S. Dep't of Just.*, 433 F.3d 332, 341 (2d Cir. 2006) (quotation marks and brackets omitted). "[T]he difference between harassment and persecution is necessarily one of degree," which "must be assessed with regard to the *context* in which the mistreatment occurs." *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006) (quotation marks omitted).

Villa-Loja appears to concede that the harm she alleged could fairly be characterized as mere harassment and argues—contrary to the standards outlined above—that it may be considered persecution regardless of severity because it was

4

sufficiently connected to a protected ground. However, even assuming she has challenged the severity finding by pointing to her testimony that she suffered mistreatment, the agency did not err in finding that this harm did not rise to the level of persecution. *See KC v. Garland*, 108 F.4th 130, 134 (2d Cir. 2024) (noting that it is "unsettled" in this Circuit what standard of review applies to the determination that undisputed facts fail to establish harm rising to the level of "persecution," and declining to resolve that standard when the agency's decision would withstand *de novo* review).

Villa-Loja alleged bullying by other children and a teacher when she was in school and mistreatment by an employer who paid her little for long hours, demanded that she carry heavy things and work late without extra pay, and insulted her because of her indigenous race. Even taken together, these harms do not rise to the level of persecution, particularly as she did not allege physical harm or injuries. *See Jian Qiu Liu v. Holder*, 632 F.3d 820, 822 (2d Cir. 2011) (finding beating and detention did not constitute persecution where beating occurred prior to detention and applicant "suffered only minor bruising . . . , which required no formal medical attention and had no lasting physical effect").

While Villa-Loja's allegation that she could not afford necessities suggests an economic persecution claim, an "applicant must offer some proof that [s]he suffered a deliberate imposition of substantial economic disadvantage" to prevail on such a claim. *Guan Shan Liao v. U.S. Dep't of Just.*, 293 F.3d 61, 70 (2d Cir. 2002) (quotation marks omitted). "[A]n economic sanction constitutes persecution if it (1) deprives the victim of liberty, food, housing, employment or other essentials of life, or (2) deliberately imposes a severe economic disadvantage." *Huo Qiang Chen v. Holder*, 773 F.3d 396, 405 (2d Cir. 2014) (quotation marks and brackets omitted). "Persecution requires a showing of more than mere economic discrimination. The economic difficulties must be above and beyond those generally shared by others in the country of origin and involve noticeably more than mere loss of social advantages or physical comforts. Rather, the harm must be of a deliberate and severe nature and such that is condemned by civilized governments." *Matter of T-Z-*, 24 I. & N. Dec. 163, 173 (B.I.A. 2007) (quotation marks and citations omitted). Villa-Loja does not argue here that her economic deprivation rose to this level. And while the record includes evidence of serious economic deprivation, Villa-Loja attributed her difficulty finding better work to

6

her limited education, and the record does not suggest that these conditions were deliberately imposed. *See Guan Shan Liao*, 293 F.3d at 70.

Contrary to Villa-Loja's argument, no further discussion of the severity of harm was required. The agency "need not expressly parse or refute on the record each individual argument or piece of evidence offered by the petitioner as long as it has given reasoned consideration to the petition, and made adequate findings." *Zhi Yun Gao v. Mukasey*, 508 F.3d 86, 87 (2d Cir. 2007) (quotation marks omitted). And as our caselaw on the scope of review makes clear, the BIA may affirm the IJ's reasoning without restating it. *See, e.g.*, *Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005) (reviewing grounds for IJ's decision that the BIA affirmed but did not discuss).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7